### 11504. ELROD v. THE STATE.

BLOODWORTH, J. 1. Under all the facts of this case this court can not say that the judge abused his discretion in refusing to continue the case.

2. When considered in connection with the entire charge, there is no error in the excerpt therefrom of which complaint is made.

3. There is ample evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., concurs. Luke, J., dissents.*

Indictment for sale of liquor; from Gordon superior court — Judge Tarver. April 17, 1920.

1. Carl Elrod was convicted at the February adjourned term of the superior court of Gordon county, 1920, under an indictment which charged that he sold intoxicating liquors on January 1, 1920. One of the grounds of his motion for a new trial was as follows: "The court erred in overruling movant's motion for a continuance, made in said case when said case was called for trial. This defendant, being sworn on said motion for continuance, testified: 'The indictment in this case was returned yesterday afternoon. I at once sent for Mr. Eubanks to come to the jail and see me, and he came after dark. I have been in jail since Monday; this is Thursday. I gave him the names of the witnesses he wanted in this case. I gave him the names of J. D. Elrod, Mr. Willerson, John Osborn, and John Lay, and told him to have them summoned. Lay and Osborn are here, and my father and Mr. Willerson are absent. They are absent without my consent. I want them here. I expect to have them in court to-morrow morning at the meeting of the court, and I can not go safely to trial without them. My father lives over in Murray county, and Willerson lives up here in Gordon county. I expect to prove by each of them that they were at my house on last Sunday afternoon when Bob Steele came there, and they will swear that I did not let Bob Steele have any whisky, and that Bob Steele did not get any whisky at my place. These two absent witnesses are white men. Lay and Osborn are here and are negroes. This showing is not made for delay, but to get the testimony of the above witnesses.' T. M. Watts, sheriff of Gordon county, testified on said motion: 'The subpœnas for the defendant's witnesses in this case were placed in my hands early this morning. I have had Lay and Osborn served. I have not had time to have Elrod and Mr. Willerson served. Mr. Willerson lives in the upper edge of this

county, and Mr. Elrod over in Murray county in this State.' M. B. Eubanks, attorney for defendant, stated in his place: 'Last night while at supper the defendant sent for me to come to the jail to see him. I went as soon as I finished my supper. The bills had been returned and placed on the docket yesterday afternoon. When I got to the jail the defendant gave me the names of four witnesses above referred to. When I came back to the court-house last night, the court still being in session trying the Byrd case, I gave the list of witnesses to the clerk, who issued them last night, and I instructed that they be served at once.' The court overruled the showing for a continuance and ordered the case to go to trial, which was done." It is alleged that this was error because the movant's showing was complete and the evidence showed that he had exercised due diligence in obtaining the presence of his witnesses, and the court, in overruling the motion for a continuance, denied to him his legal and constitutional right to have compulsory process for attendance of witnesses in his behalf.

On the trial E. King testified for the State that "on last Sunday" he and Bob Steele bought whisky from Carl Elrod in Elrod's house; and that he (the witness) and Bob Steele went into the house together, and he did not see any other person there. Jim Johnson testified that he bought liquor from Carl Elrod eight or nine times, or more, in the last two years; "week before last was the last time" he bought any whisky from Elrod; E. King, Bob Steele, and others were there; he was not at Elrod's house on Sunday; he bought some from Elrod at Bob Steele's house "nearly two years ago." Amos Boze testified that he bought whisky from Carl Elrod twice, some of it since Christmas; that he was at Elrod's house Sunday, and got whisky, but did not then see Elrod; that another person went into the house for the whisky. Bob Steele did not testify. John Osborn and John Lay testified for the defendant that they were at the defendant's house "last Sunday" afternoon, and did not see any whisky. The defendant made a statement at the trial, denying that he had sold whisky to Steele or the others named in the testimony as purchasers.

2. In charging the jury as to conflicting testimony, the court charged that it was their duty to reconcile such conflicts, if possible, so as to make each witness speak the truth, and without imputing

perjury to anybody, "the law presuming that they are all honest and tell the truth, until the contrary appears by proof." Exception is taken to the concluding part of this instruction, the defendant contending that in criminal cases there is no presumption as to the credibility of witnesses, and that the effect of this language was to place upon the defendant the burden of proving that the State's witnesses were not honest and were not telling the truth.

Cited as to presumption of credibility: *Cornwall* v. *State,* 91 *Ga.* 278 (5).

*M. B. Eubanks,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.